EXCHANGE BANK, a Banking Corporation, Appel-
lant, v. STROUT REALTY, Respondent.

No. 9122

March 2, 1978                                   575 P.2d 589

*Carl F. Martillaro,* Carson City, for Appellant.

*Crowell, Crowell & Crowell,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This case evolves from a case previously decided by this
Court. *See,* Ivanhoe, Inc. v. Strout Realty, 90 Nev. 380, 528
P.2d 700 (1974). Before us then was the issue of a broker's fee
under a "net" real estate listing agreement between those par-
ties.

Although this Court eventually found Ivanhoe not obligated
to Strout in any manner, Ivanhoe nevertheless, prior to that
litigation and as a condition of sale, had requested the third
party purchaser Carrington to make some fee arrangement
with Strout. Strout and Carrington had already entered into an

agreement obligating Carrington to pay a fee of $5,000 should Carrington purchase the Ivanhoe property brought to his attention by Strout.

Carrington tendered a check in that amount which was retained by Strout's former attorney pending conclusion of the litigation in *Ivanhoe*. At the conclusion of that litigation, Strout deposited the check. In due course, the check was honored by appellant Exchange Bank which had maintained the Carrington account upon which the draft was drawn. That particular account, however, had been closed for several months, and appellant through inadvertence debited another account of Carrington's. Approximately five months after final payment had been made on the check, appellant made demand upon respondent for the return of the money. Respondent refused and litigation subsequently ensued for alleged unjust enrichment. Both parties moved for summary judgment, and after the district court granted judgment in favor of Strout, Exchange Bank initiated this appeal.

The sole question before us is whether the district court properly entered summary judgment in behalf of respondent.

Here, both parties moved for summary judgment pursuant to NRCP 56 and alleged that there was no genuine issue of fact to be decided. On appeal, appellant alleges that indeed an issue of fact exists relating to the alleged bad faith of respondent. Below, although respondent filed a relevant affidavit in support of its motion, appellant failed to file either affidavits, pleadings, or other papers alleging bad faith on the part of respondent, and there is nothing in the record whatsoever in support of its motion. *See,* NRCP 56(e). It is well settled that on cross motions for summary judgments the trial court may enter judgment on an issue of law alone and that the moving party may not alter its position on appeal. State ex rel. Welfare v. Capital Convalescent, 92 Nev. 147, 547 P.2d 677 (1976); City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970); *see also,* Garrett Freightlines, Inc. v. United States, 236 F.Supp. 594 (D.C. Idaho 1964). In the instant case, there was no indication that respondent acted in bad faith or in breach of warranty, and the trial court thus properly entered summary judgment upholding the finality of payment. NRS 104.3418.

The lower court's order granting summary judgment to respondent is affirmed.